Our next case is agenda number three, case number 112370, People v. Lara, L-A-R-A, Lara. Counsel for the appellant. Good morning, Your Honors. May it please the Court, my name is Jessica Ball, Assistant States Attorney on behalf of the People. Your Honors, in this case, the defendant confessed to sexually assaulting eight-year-old J.O. on two separate occasions. The victim's testimony and out-of-court statements corroborated the defendant's confession in all but one detail. Yet the appellate court reversed the jury's findings of fact for the sole reason that eight-year-old J.O. did not explicitly say that the defendant penetrated her vagina. In so doing, the appellate court utilized an every-element approach to the corpus electi rule that's not at all consistent with this Court's most recent precedent. According to this Court, the corpus electi rule requires that the independent evidence tend to show that a crime occurred and corroborate the defendant's statement. The rule is not that the independent evidence must corroborate every element. And this comes straight from this Court's holdings in Sargent, Bounds, Perfecto, and Cloutier. In this case, Your Honor, the victim testified that the defendant's hand was on her vagina. Other than that, is there anything else? We have the defendant's testimony as well. The question that you've asked actually looks more toward the sufficiency of the evidence entirely rather than just the corpus electi issue. What we need to do under the corpus electi rule is tend to show that a crime occurred. We don't have to show. Her testimony alone does not have to establish penetration. It has to tend to show that a crime occurred, and it clearly does that here. The concern of the corpus electi rule was that a defendant would be convicted of a crime when no crime occurred at all based on a fanciful confession. So the corpus electi rule provides that the independent evidence must tend to show that a crime occurred and corroborate the defendant's confession so that he's not convicted of a crime based on his statement alone. But we don't have a statement-only case here, and it's undisputed that two sex crimes occurred. Corpus electi is meant to determine whether a crime has been committed, not which crime has been committed. The fact finder is to determine if every element has been established. That's not the purpose of the corpus electi rule. And that's clearly demonstrated by this Court's holdings in Sargent, Bounds, Perfecto, and Cloutier. This Court in Sargent, citing to Bounds, recently reiterated that the corpus electi rule requires the independent evidence to tend to show that a crime occurred. This Court in Sargent also stated that there may be circumstances where criminal activity of one type is so closely related to criminal activity of another type that corroboration of one may suffice to corroborate the other. That statement itself repudiates an every-element approach. For instance, in Bounds, in 1995, the defendant was convicted of aggravated kidnapping, agrim sex assault, and murder, but there was no independent evidence of an abduction or a vaginal penetration. Those details came from the defendant's confession, the same type of information we have here. Yet this Court held that the independent evidence tended to show the commission of both, an aggravated criminal sexual assault and an aggravated kidnapping as detailed in the defendant's confession. The same is true in Perfecto. The independent evidence tended to show an aggravated battery, but the only evidence of any sexual activity whatsoever was contained in the defendant's confession. Still, this Court found sufficient corroboration for the crime of forcible rape. And in Cloutier, the defendant admitted to both vaginal and anal penetration, but there was no independent evidence to establish those penetrations. The defendant, once again, provided the details for that. And this Court held that that was sufficient. The independent evidence was sufficient to corroborate aggravated criminal sexual assault. If this Court had applied an every-element approach in Bounds, Perfecto, and Cloutier, you never would have affirmed the convictions in those cases. The defendant relies exclusively on three cases for support of his every-element approach. Dalton from 1982, Wistrand from 1904, and Rogers from 1953. But all three of those cases involved sex crimes, and they were all decided before this Court's decision in People v. Schott. And that was at a time when there was a basic distrust of sex crimes. They were held to a higher standard of proof, and the victim's testimony had to be corroborated. So the rationale employed in those three cases was likely clouded by that general distrust of sex crimes. There are other cases from that same time period that did not involve sex crimes where not every element was corroborated, but this Court held that that was sufficient under the corpus delecti rule. And it seems that the holdings in Dalton and Wistrand and Rogers have already been abandoned. They were not followed by this Court in Sargent, in Bounds, or in Cloutier. In this case, it appears that the appellate court ignored this Court's most recent decisions and reverted back to a pre-Schott era. The purpose of the corpus delecti rule is to ensure that a defendant will not be convicted of a crime that did not occur based on his fanciful confession. This Court's corpus delecti rule, where the independent evidence must tend to show that a crime occurred and corroborate the defendant's confession, effectively serves the purpose of that rule. An every element approach, on the other hand, looks to draw a distinction regarding which crime occurred, not whether the crime occurred. And an every element approach also improperly commingles the sufficiency of the evidence question with the corpus delecti issue. Corpus delecti is a common law evidentiary rule. It governs the admissibility of evidence, not the sufficiency of evidence. And reasonable doubt is a constitutional due process concern. But an every element approach would allow the defendant, for the first time on appeal, to raise a sufficiency of the evidence question with an easier challenge under the corpus delecti rule. Because with corpus delecti, you're only looking at the independent evidence, not all of our evidence.  And the corpus delecti rule does not have to do all of the heavy lifting. We still have reasonable doubt. We still have Jackson. We still have all of the constitutional safeguards against a coerced confession. Corpus delecti does not stand in place of those rules. The corpus delecti rule originated because of a general distrust of   Corpus delecti does not stand in place of those rules. The appellate court has pushed the corpus delecti rule beyond its intended purpose. Counsel, may I ask you this? As you have said, the rule requires that there is evidence that tends to show or corroborates the confession. Here it is argued that the evidence does not corroborate. It contradicts. Isn't that some significant distinction from corroboration? First of all, the independent evidence in this case does not contradict the defendant's confession in any way, shape or form. The victim herself said that the defendant's hand was on her vagina. That is neither inconsistent with nor does it preclude the possibility that penetration occurred. And the statement when she was asked on the outside or the inside? She said that he touched the outside of her vagina. In addition to that, she said that he touched her on her private part where she pees. And that statement does not preclude the possibility that penetration occurred. The defendant said outside, too. It's just he adds one additional detail. But the victim's testimony alone does not have to establish penetration, just tend to show a crime. Hand to vagina is a crime and it's directly related to the crimes for which the defendant was convicted. Inconsistencies between the independent evidence and the defendant's confession can occur. This Court said in People v. Furby in 1990 that they don't have to be the same, the independent evidence and the confession. Look to see on a case-by-case basis what that inconsistency means. Does the inconsistency mean that the independent evidence fails to tend to establish that a crime occurred? Then Sergeant would kick in and the defendant's protected. But if the inconsistency is whether or not an element has been established or proven, that's a sufficiency of the evidence question that needs to go to court. The position that testified about the defendant having epilepsy, I think, how did that impact? What did the doctor say about how that could impact his statement made in the confession? Or did he address that? Did the doctor address that? There were two doctors that testified. There was one on behalf of the state and one on behalf of the defense. All the defendant's expert could say is that he could have been in a post-ictal state of a seizure, but the only evidence that he had a seizure was the defendant's statement himself. The state's evidence reflected that he had not had a seizure, that he had taken his medication on time, that the police had asked him if he had taken his medication. The victim's mother actually forewarned the police that he had epilepsy, and he never complained of anything to either the police, the detectives, or the medical staff that he saw later. And the finder, that was also dealt with in the moment that the defendant made the motion to suppress statement when the jury, I'm sorry, when the trial judge. How was the state established that he did not have a seizure? Because there were no doctors called? An emergency? It was a trial court finding a fact that the defendant did not have a seizure that was made pursuant to the motion to suppress statement and the evidence that came out during that hearing. Again, the appellate court's every element approach, would require the independent evidence to actually establish the crime of which the defendant was convicted. And that's inconsistent with this court's rule because this court's rule says tend to establish or tend to show that a crime occurred. And tend to show is a low standard. You do not have to corroborate every element in order to tend to show that a crime occurred. Tend to show is the rule that's been used by this court as well as the majority of states across the nation. It's a workable approach. It serves the purpose of the corpus electi rule and it balances the interest between the parties. In fact, an every element approach would actually act as an impediment to justice. And this case illustrates that. We have good evidence to support the defendant's convictions in this case. And his confession is corroborated. Yet he would be able to escape punishment solely because J.O. did not understand because the appellate court believed that the victim did not corroborate the element of penetration. It's undisputed that two sex crimes occurred. This is not a statement only case. And J.O. was able to provide many details about the attack. The defendant's confession talks of these same two sexual assaults. The same days. The same locations. And the same hand to vagina touching. He just adds one detail. J.O. might have said outside of her private part in addition to the other things that she said, but it's not inconsistent with nor does it preclude penetration. And it's not unreasonable to assume that she didn't feel it either. Her testimony does not have to establish penetration. It has to tend to show that a crime occurred. That's done here. The independent evidence shows that two sex crimes occurred. And the independent evidence corroborates the defendant's confession. So the corpus delecti rule has been satisfied. The appellate court's approach and its every element version of the corpus delecti rule is inconsistent with this court's rule. The repercussions of that appellate court's holding are immense. It actually takes corroboration to an untenable level. And it results in a miscarriage of justice. We would respectfully request that you reverse the appellate court's decision and that the defendant's confession be considered. And reaffirm your holdings in Sargent, Bounds, Perfecto, and Cloutier. Thank you. Good morning, Your Honors. Good morning, Counsel. I'm Megan Ledbetter with the Office of the State Appellate Defender. On behalf of the defendant appellee, Jason Lara, may it please the court. This court need not look beyond Sargent to resolve this case. This case actually presents a straightforward application of the corroboration rule as articulated in Sargent. There are two relevant facets of that rule. And I'm taking both of these directly from Sargent. First, the corroboration rule demands that there be some evidence, independent of the confession, tending to show the specific crime charge did occur. If present, the corroborating evidence may be considered together with the confession to determine whether the crime has been proven beyond a reasonable doubt. Here, the State did not produce any independent evidence tending to show that the specific crime of predatory criminal sexual assault occurred because it did not produce any evidence tending to show that an act of penetration occurred. Thus, the predatory criminal sexual assaults were not proven beyond a reasonable doubt. Second, Sargent clarifies that under the corroboration rule, the independent evidence must relate to the specific events on which the prosecution is predicated. Thus, where a defendant confesses to multiple offenses, the corroboration rule requires that there be independent evidence tending to show that the defendant committed each of the offenses for which he was convicted. Here, Lehrer confessed to four distinct acts constituting four distinct offenses. Two counts of aggravated criminal sexual abuse for touching the outside of J.O.'s vagina on two occasions and two counts of predatory criminal sexual assault for penetrating her vagina with his finger on two occasions. Although Lehrer was charged with 11 criminal counts, the State elected to proceed on only two counts of predatory criminal sexual assault. And after Lehrer was denied his right to lesser included offense instruction on aggravated criminal sexual abuse, he was convicted of two counts of predatory criminal sexual assault. Thus, under Sargent, the State was required to produce independent evidence tending to show that Lehrer committed each of the predatory criminal sexual assaults for which he was convicted. This it did not do. The State's independent evidence corroborated only Lehrer's confession to the acts of aggravated criminal sexual abuse and actually contradicted his confessions to the acts of predatory criminal sexual assault that involved digital penetration. I'd like to address briefly the State's idea that the corpus delicti rule is a common law evidentiary rule as opposed to related to the sufficiency of the evidence. First, I would actually ask that that argument be stricken as forfeited. It was not raised in the PLA or in the State's opening brief. It appeared for the first time in the reply. Second, and more importantly, it actually makes no sense and isn't true. Sargent, in every single other case cited in this case, and in the briefs, makes clear that the corroboration requirement is very much related to the sufficiency of the evidence and not to the admissibility of a confession. I would quote to you from Sargent for that proposition. Sargent says, and again I quote, where a defendant's confession is part of the proof of the corpus delicti, the prosecution must also reduce corroborating evidence independent of the defendant's own statement. If a confession is not corroborated in this way, a conviction based on the confession cannot be sustained. And so, of course, it is a question of reasonable doubt. Now, although I do not believe that this Court need look beyond Sargent to resolve this case, I do think that Dalton is also instructive. In Dalton, the Court acknowledged that age was an element of the offense of the indecent liberties with a child and that the State should, quote, technically be required to independently corroborate that element in order to prove the offense. Finding this particular requirement incompatible with the purpose of the corroboration rule, however, the Court carved out a singular exception holding that one's admission of his age is an inherently reliable statement about an immutable characteristic and should not, therefore, be subject to corroboration. The Court also noted, however, that admissions about what one did or saw or heard or thought were subject to the infirmities of memory and perception under interrogation and were not inherently reliable like the admission of one's age. And the State claims that Dalton overruled Wistrand and Rogers completely, which had held that the State was required to corroborate every element. But Dalton actually used the language, this Court used the language in Dalton that it was, quote, modifying the rule of Wistrand and Rogers to exempt the State from corroborating the defendant's admission of his age. And Dalton thereby left intact the portion of the rule requiring the State to corroborate offense-defining elements about what one did or saw or heard or thought. Lehrer's confession to the acts of penetration is, of course, an admission about what he did. And Dalton instructs that such admissions are not inherently reliable and are subject to corroboration. Corroboration is not nearly so onerous a burden as the State pretends. The requirement of corroboration of a specific offense is that the State produce some evidence tending to show that the specific offense occurred. It's not nearly equivalent to proof beyond a reasonable doubt. It's not even equivalent to clear and convincing evidence. The case law indicates that the standard for corroboration would be something less than a preponderance of the evidence. The State has cited several cases in which it claims that the only, only evidence of a specific sex crime involving penetration came from the defendant's confession, but its citations belie its claim. All of the cases it cites, with the arguable exception of Prefecto, which I will address momentarily, involve substantial independent evidence corroborating the specific penetration-based offense to which the defendants were convicted, which they confessed and were convicted. In particular, the State cites several cases that involve a female victim's testimony or out-of-court statements to the effect that she was raped. In common parlance, the term rape very strongly connotes contact between the rapist's penis and the victim's vagina or anus or mouth, all of which constitute penetration under the law. So cases in which the victim purports to have been raped do clearly involve corroborating evidence of a sex act involving penetration. This case does not. I would address in particular what the State has said about bounds, which I don't think is accurate. Bounds, the defendant confessed to a murder, an aggravated criminal sexual assault, and an aggravated kidnapping. And in determining whether or not the State had proven the aggravated criminal sexual assault beyond a reasonable doubt, the court looked at the State's independent evidence and it found all of the following to be corroborative evidence. The thing is, in bounds, it's not actually clear what the charge was, what type of penetration it was, whether vaginal or anal. It doesn't say in the case. It just says one count of aggravated criminal sexual assault. And then when the State is looking on whether or not that one count could be sustained, it specifically notes that the victim was found naked from the waist down on a mattress in an abandoned building wearing a T-shirt that didn't belong to her, that her anus was dilated, and that they found fecal matter on a broken broomstick in the room with her. And the court cites to each of those things and says that it is corroborating evidence that a sexual assault occurred. And there was only one sexual assault conviction in that case. So clearly those things corroborated some act of penetration. Also, very importantly, in bounds, the defendant had, in his confession, he said that he had vaginal intercourse with the victim quote, at least once, and that he had had, he believed he had sex with her later in the day but couldn't remember because he was so intoxicated. And he didn't specify what type of sex that was either. So it's not clear whether the court was looking to corroborate vaginal intercourse as opposed to anal intercourse. Ms. Ledbetter, how do you address what I believe is the State's argument that what Sargent really did is indicate that the State must produce some evidence, independent of the confession, tending to show that each of the crimes occurred. There were two crimes in Sargent, right? And I think their position would likewise be that Sargent does not require the State to produce some evidence independent of the confession, tending to show that each element of each crime occurred. Well, Your Honor, I don't believe that this court absolutely has to answer the every element question. I think that Sargent itself is dispositive of the issue because it does say that where the defendant confesses to multiple offenses, the State has to corroborate each individual offense. And here the defendant, on technical grounds, he did confess to four acts that constitute four offenses. And he was even charged separately with one count of aggravated criminal sexual abuse and then many counts of predatory criminal sexual assault. And the State continues to use this language, a crime, and Sargent, which obviously this court was very much cognizant of the a crime, the crime dichotomy, and Sargent was looking at that issue and it deliberately chose to use the language the crime and even sustained the defendant's convictions to two of six offenses and reversed the other ones. So it was looking to see if there was corroboration for each individual offense. And in this case, the only element that distinguishes an aggravated criminal sexual abuse from a predatory criminal sexual assault is the element of penetration. So I believe that in this case it would be impossible for the State to tend to show that a predatory criminal sexual assault occurred unless it tends to show that a penetration occurred. And it certainly did not. The State's evidence contradicted the act of penetration. So are you arguing that every element has to be shown by independent evidence and are you arguing that that's what Sargent says? Not exactly. I'm saying if this court wasn't inclined to answer that question, it doesn't have to because Sargent is dispositive. However, I do think that the case law does indicate that the evidence should corroborate, that the State's independent evidence should corroborate every element, at least in a case like this where an element is the only thing that distinguishes one particular offense that was confessed to from another offense. And Dalton, obviously, is the best evidence of that particular proposition. Dalton and Sargent talking about the specific crime charged. Because what is a crime except the sum of its elements? Where exactly is the contradiction in the State's evidence? I mean, certainly if there was testimony that no penetration occurred, there's no doubt that that's a contradiction, right, to what the defendant said in his statement. But the fact that the touching occurred, where is the contradiction with touching versus penetration? Right. There was several out-of-court statements that came in under the hearsay exception for child sex victims and one of them was to a forensic interviewer. And the forensic interviewer at the Child Advocacy Center specifically asked J.O. whether she was touched on the inside or outside of her vagina. And she answered that she was touched on the outside. And inside and outside are antonyms. And penetration is an intrusion. And outside definitely tends to contradict the intrusion. The State, in trying to reconcile inside and outside, gets very much into anatomy and they want you to get out your medical encyclopedia and do some semantic somersaults. But at the end of the day, digital penetration requires an intrusion. And J.O.'s statements that she was touched on or outside her vagina do not tend to establish an intrusion into her sex organ. In particular, the idea that the State broached that she said she was touched on her private where she pees. That's not actually what she said. She was asked, which private part are you referring to, the front part or the back part? And she said the front part where I pee. So those were really, she was describing the general area of her vagina and she indicated with her hands sort of generally over that region. And as the State has pointed out, she didn't necessarily know the difference between the urethra and all the other parts, but she was just generally saying that she was touched outside of that front part. How old was her age at the time? Eight. At trial she was 12, but she was eight when she gave the forensic interview. I also wanted to address the State's citation to Perfecto. Perfecto is a 1962 case. It's literally one page long. It's 515 words. It gives very little detail as to the specifics of the defendant's confession or as to the State's corroborating evidence. We don't know, for example, whether the victim was found nude or partially nude or fully clothed. Still, Perfecto involved a confession to a single offense, quote, forcible rape. And the State produced some evidence to corroborate the defendant's rape. The State, however, relies on Perfecto for the proposition that it can prove a sex offense with, quote, absolutely no evidence apart from the defendant's confession that a sexual act ever occurred. I believe this interpretation of Perfecto cannot possibly be correct under Sargent. I wanted to touch briefly on the rationale for the corroboration rule. I know this Court is well familiar with the rationale, so I won't belabor it. But as this Court implicitly recognized in Sargent, false confessions are not limited to cases where there are fanciful narratives created from scratch. A suspect who is guilty of some crime may confess up to a worse crime or to more crimes than he has, in fact, committed. Valera, notably, is exactly the type of vulnerable defendant that the corroboration rule is supposed to protect. He was 19 at the time of this interrogation, a teenager. He had absolutely no prior experience with the criminal justice system whatsoever. He was unemployed. He lived at home with his mother. He had well-documented grand mal epilepsy, an attention deficit disorder, and he would have been particularly susceptible to a trained interrogator baiting him into a false confession. That brings me back to Justice Freeman. You had a question for the State about what the physician testified at the suppression hearing, and the State answered that the physician testified that there was no seizure. But I don't believe that that is the case. Obviously, Valera had the burden under the suppression motion to prove that his statement was involuntary or was taken in violation of Miranda, and the Court found that he didn't meet that burden. But the doctor testified at trial not only that Valera had well-documented grand mal epilepsy, that he tended to minimize consistent with his saying that he didn't believe he had a seizure until some time had passed. He tended to minimize his condition that was very severe. The doctor also testified that he had a low seizure threshold on the night of his arrest, as evidenced by the fact that after that incident, his medication had been upgraded. They had added an additional anti-epileptic drug to his regime to help. And he also testified that there is such a thing, or generally when someone has a grand mal seizure, there is something called a post-ictal state in which they'll generally be confused and tired. And Valera testified that in retrospect, he believed that he had had a seizure in his jail cell, and that during the interrogation, he answered a litany of yes or no questions in a post-ictal state, and that he agreed that he must have confessed to these offenses, but didn't commit them. I'd also like to comment about the absurd results predicted by the state. The state is very concerned that if this court affirms the appellate court, child sex victims will have to testify in greater detail as to where they were touched on their genitalia. This is not realistic. Victims don't speak about sexual assaults with anatomical precision. Depending on the body parts or objects involved, penetration is defined either by any contact, however slight, or by any intrusion, however slight. The critical language as far as proof is not the noun or nouns the victim uses to describe his anatomy, but the verbs and prepositions he or she uses to describe the contact or intrusion, phrases like put on and stuck in. Upholding the appellate court's judgment would have no effect on the degree of linguistic precision required to secure convictions. Finally, I just wanted to comment on Justice Murphy's special concurrence in the appellate court. He believed that the majority's conception of the corroboration rule was wrong, and he perceived that they required corroboration of every element. And I would note that the majority did not actually say that in their opinion. It was Justice Murphy who introduced that concept to the appellate court opinion. But notwithstanding his rejection of the majority's view, Murphy still believed that Lara's convictions should be corroborated. And the contradiction underscores the evidentiary weakness of the extrajudicial confession to interrogators. So even if this court concludes that the state was not required to affirmatively corroborate Lara's confession to the acts of penetration in order to prove the specific offenses of predatory criminal sexual assault, it should at least hold that pursuant to the corroboration rule, the state cannot prove the corpus delicti of a given offense if its only independent evidence actually contradicted the defendant's confession to that offense. If your honors have no other questions, we ask this court to affirm the judgment of the appellate court. Thank you. Thank you. Your honors, as a threshold matter, there is no part of the state's brief that needs to be stricken. Corpus delicti is an evidentiary common law rule. The history itself of corpus delicti establishes that. And Sargent actually does support the state's case here. The holding in Sargent was when there is a multi-count indictment that the independent evidence must tend to show that each crime occurred. And Salinas relates to that and says that the independent evidence does not have to establish the specific crime, but must establish a crime that is related to those separate counts. And in Sargent, there was a complete absence of any evidence that tended to show the other counts. In Sargent, the convictions weren't reversed because every element was not corroborated. In that case, the counts were reversed because not even a single element of those counts was corroborated. The victim didn't say anything to establish any element of those other counts. Here, the victim testified as to two separate instances of hand-to-vagina touching that absolutely support each count of predatory criminal sexual assault that the defendant was convicted of. And the victim's testimony does not have to corroborate four separate acts. The independent evidence must corroborate the crime for which the defendant was convicted. In this case, two crimes of predatory criminal sexual assault. And we have that very clearly here. The defendant goes through as to why he would have over-confessed his crimes. He actually speculates as to how the police might have pressured him into over-confessing his crimes or confessing up to his crimes. But the defendant's argument is made up out of whole cloth. There is no legitimate inference that could be drawn from the record in that case to support that argument. We don't even need to speculate on appeal as to what happened during the interview. The defendant testified and never said he felt pressured by the police or by Augustina. And he's never argued on appeal that his statement should not have been admitted in evidence at trial against him. He lost his motion to suppress statement and he never challenged that ruling on appeal. He only argues on appeal that one portion of his statement regarding one detail of the crimes is not worthy of belief. That's a question for the jury. And the defendant hangs his hat on Dalton and Wistrand and Rogers. But as I stated previously, those cases were all decided before people be shot at a time when there was a general distrust of sex crimes. Those cases have already been abandoned. This Court did not follow them when it decided Sargent, Bounds and Cloutier. And those are all much more recent cases than the one defendant relies on. The defendant also argues that every element only needs to be loosened or loosely corroborated. Not proven beyond a reasonable doubt. But the cases that the defendant relies on for that, the independent evidence does not even loosely corroborate every element. Every count may have been loosely corroborated. But not every element. The defendant misconstrues the facts in those cases to make his argument. In Bounds, there was no independent evidence of vaginal penetration or an abduction. The defendant never said that he penetrated her anally. And this Court did not consider the broomstick and the fecal matter as evidence to support the corpus delecti analysis. In fact, with respect to the aggravated criminal sexual assault count, this Court said, while not conclusive proof that an act of penetration occurred, the undressed condition of the body tended to show that the victim was sexually assaulted and corroborated the defendant's  An imperfection of the body was found in Bounds. In facto, the only evidence of any sexual activity whatsoever was in the defendant's confession. In Stevens, that's a case where the victim took a sleeping pill and went to bed. She didn't remember any penetration, and there was no physical evidence of penetration. Still, the Court held that the defendant's confession that he had sex with the victim was sufficiently corroborated. The victim's testimony in this case is not inconsistent with the evidence in the light most favorable to the State. This is not a case where the victim said it didn't happen or where the victim's testimony precludes the possibility that multiple crimes occurred. And the victim's testimony does not preclude the possibility that the defendant penetrated her on two separate occasions. Her testimony is not in any way at odds with the defendant's statement, nor is it at odds with a child's, with a common sense understanding of a child's description of the assault. In this case, the independent evidence does everything this Court's corpus electi rule requires it to do. It establishes that two sex crimes occurred that involved the defendant's hand in the victim's vagina. That is directly related to the crimes for which the defendant was convicted. The corpus electi rule has been satisfied. The child statement, the childlike statement that defense counsel refers to, and that we're talking about a distinction between verbs and nouns, and pp on my vajayjay, or tongue to my private, or finger in my booty, none of those deal with the issue at hand, which is the digital penetration of the female sex organ. And yes, for anatomical reasons and legal reasons, digitally penetrating the female sex organ is different than digital penetration of any other organ. The defendant's examples there are entirely irrelevant. I ask you a question, ma'am. If we were to agree with you, and we fully agree with you on this, if we were to reverse, on appeal, the defendant had raised six separate arguments. Of course, the appellate court seized on one of those, the issue that we've been discussing here today. What should we do? In this case, we'd ask that you reverse the appellate court's decision regarding the corpus electi analysis, and reaffirm this court's holdings in Sargent and Bounds, Perfecto, and Cloutier. What about the issues about the trial court refused in Sargent and Bounds and struck the jury on the lesser-included offense of aggravated criminal sexual assault? That question is not raised before this court. It was raised in the appellate court. There were a series of other issues raised in the appellate court. So we should remand it to the appellate court to resolve those other issues? Yes, it should be remanded to the appellate court for those issues. Your Honor, the public policy in this case demands this court's corpus electi rule. As you stated most recently in Sargent, the independent evidence must tend to establish or tend to show that a crime occurred and corroborate the defendant's confession. The courts need to construe the law in a way that promotes justice and gives effect to that corpus electi rule. It certainly would not promote justice to allow a sex offender who sexually assaults the most vulnerable of victims to avoid conviction because that victim, while able to describe many other details of the attack, cannot corroborate or cannot talk about or describe the act of penetration. But that's what this court would be doing with an every element approach. You would punish a defendant less severely for choosing a victim who is asleep, or unconscious, or drugged, or intoxicated, or if she is pre-verbal or developmentally delayed, or perhaps she lacks feeling below her waist, or if force was being used on one part of her body and she was unable to describe or understand where within her body the force was being used. Or she's just too young or too scared to understand the finer details of the attack. To be clear, we are not asking this court to do anything new. We simply ask that you apply the corpus electi rule as you recently restated it in Sargent and as you applied it in cases like Bounds, Perfecto, and Cloutier. The appellate court's holding is inconsistent with this court's corpus  rule. We respectfully request that you reverse the appellate court's decision and reaffirm what you've done in Sargent, Bounds, Perfecto, and Cloutier. Thank you. Thank you for your arguments. Case number 112370, People v. State of Illinois v. Jason Lora is taken under advisement as agenda number three. Mr. Marshall, the Illinois Supreme Court stands adjourned until 9 a.m. tomorrow morning, May 16th. Thank you.